UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH<br><br>                    Plaintiff,<br><br>          v.<br><br>FOLSOM STATE PRISON,<br><br>                    Defendant. | Case No.  2:23-cv-00058-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL, OR<br><br>    (2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff Raghvendra Singh is a former state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. In his complaint, he alleges that Folsom State Prison violated his civil rights. The complaint, in its current form, does not state a claim. I will give plaintiff an opportunity to file an amended complaint, and I will grant his application to proceed *in forma pauperis*, ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that in 2021, defendant Folsom State Prison took away his wheelchair, denied him library access, and prohibited him from having religious food, books, and visits. ECF No. 1 at 1. Additionally, he alleges that defendant adopted "grossly illegal and unconstitutional practices, customs and policies which are contrary to the public policies." *Id.* Finally, he alleges that defendant sent him to Delano, where he received no visits from his family, friends, attorneys, religious priests, or doctors. *Id.*

    Plaintiff's complaint fails to state a claim. As an initial matter, Folsom State Prison, the only named defendant, is not a viable defendant in a § 1983 action. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969); *Capogreco v. High Desert State Prison*, No. CIV S-11-3218-EFB (P), 2012 WL 1328448, at *3 (E.D. Cal. Apr. 17, 2012) (informing the plaintiff that High Desert State Prison, "itself, is not a proper defendant" for a § 1983 claim). More fundamentally, plaintiff does not adequately allege that his civil rights were violated pursuant to a policy or custom, which is required to state a § 1983 claim against a municipal defendant. While plaintiff does state that defendant engaged in "unconstitutional practices, customs and policies," he does not identify a specific policy or custom and connect that policy or custom to a specific injury he incurred. *See Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006) (noting that in order to satisfy *Monell*'s requirements, a plaintiff must identify a policy or custom, connect the policy or custom to the municipal defendant, and show that an injury was incurred because of the execution of that policy or custom). Lastly, plaintiff alleges that when he was transferred to "Delano" (presumably North Kern State Prison), his civil rights were violated. However, plaintiff neither provides specific factual claims of alleged violations at Delano nor explains how prison officials at Folsom were involved in such alleged violations.

    I will grant him a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

    Accordingly, it is ORDERED that:

    1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    April 7, 2023                                   _____
                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE